IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE DON MCDONALD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-404-Y |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Joe Don McDonald, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust state-court remedies.

**I. Factual and Procedural History**

On January 16, 2014, in the 355th Judicial District Court, Hood County, Texas, Case No. CR12488, Petitioner pleaded guilty to one count of delivery of a controlled substance, methamphetamine (one gram or more but less than four grams) and true to the enhancement paragraph as alleged in the indictment. A jury assessed his punishment at 40 years' confinement. (Adm. R., Clerk's R. 7-8, ECF No. 13-9.) Petitioner appealed his conviction, and the Second

District Court of Appeals of Texas affirmed the trial court's judgment, and, on October 14, 2015, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. (*Id.*, Mem. Op. 12-13, ECF No. 13-3.) Petitioner did not seek a writ of certiorari or file a postconviction state habeas application. (Pet. 3, ECF No. 1; Resp't's Preliminary Resp., Ex. A, ECF No. 11.) This federal habeas petition was filed on May 22, 2016. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Respondent has filed a preliminary response asserting the petition should be dismissed on exhaustion grounds. (Resp't's Preliminary Resp. 3-5, ECF No. 11.)

## II. Exhaustion of State-Court Remedies

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1), (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in

2

either a petition for discretionary review or a postconviction habeas-corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2013); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Petitioner raises two grounds for relief: (1) prosecutorial misconduct and (2) double-jeopardy violation. (Pet. 6, 11-13, ECF No. 1.) The first claim, raised for the first in this federal petition, is unexhausted for purposes of § 2254(b)(1). The second claim, although raised in Petitioner's petition for discretionary review, was not properly filed. While a petitioner need not file both a petition for discretionary review and a state application for habeas-corpus relief to exhaust his claims for federal habeas review, claims raised for the first time in a petition for discretionary review are not exhausted for federal habeas-corpus purposes if, as in this case, the petitioner did not file a state petition for habeas-corpus relief. *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Myers v. Collins,* 919 F.2d 1074, 1076 (5th Cir. 1990). The Texas Court of Criminal Appeals does not entertain claims raised for the first time in a petition for discretionary review. *Ex parte Queen,* 877 S.W.2d 752, 755 n.4 (Tex. Crim. App. 1994).

Clearly, the Texas Court of Criminal Appeals has had no opportunity to review Petitioner's claims and render a decision.

Therefore, a ruling from this Court at this juncture would preempt the state court from performing its proper function. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Consequently, Petitioner must first pursue to completion his state court remedies, *via* a state habeas application under article 11.07, before seeking relief under § 2254. Absent a showing that no state "corrective process" is available to Petitioner or that such process is somehow rendered ineffective by the circumstances of his case, Petitioner cannot now proceed in federal court in habeas corpus. 28 U.S.C. § 2254(b)(1)(B). Accordingly, dismissal of this petition for lack of exhaustion is warranted so that Petitioner can fully exhaust his state-court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

The Court is aware that, since the filing of a federal petition for habeas relief does not toll the federal limitations period, Petitioner may likely be time-barred under the federal statute of limitations in 28 U.S.C. § 2244(d)(1) if and when he returns to this Court after exhausting his state remedies relating to his claims. Under these circumstances, this Court has the discretion to either abate or dismiss a federal habeas action pending resolution of state habeas proceedings. *See Brewer v.*

4

*Johnson,* 139 F.3d 491, 493 (5th Cir. 1998). However, abatement of the instant proceeding pending any future federal-court proceedings is not warranted in this case. Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005). Petitioner did not respond to Respondent's preliminary response or otherwise assert any explanation for his failure to exhaust his claims first in state court.

### III. Conclusion

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prejudice for failure to exhaust state-court remedies.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED April 18, 2017.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE